Jason Ashfield

v.

1:21-cv-1488

Correction officer Kayes, et al

## Writ of Habeas Corpus

Pro Se Plaintiff files pursuant to 28 USCA §1915(a)(1),(2)(b)(1)(A)(B)(e)(1) seeking an injunction pursuant to 28 USCA §2254(a)(b)(1)(A)(B)(i)(ii)(e)(2)(3),(F) seeking extraordinary relief and punitive damages.

FILED
SCRANTON

AUG 27 2021

PER _____
DEPUTY CLERK

_____
Signature

Jason Ashfield
Print

53 Hazle st Delano Pa 18220
Address

_____
Phone number

Jason Ashfield

   V.

Corrections officer Kayes, et al

## Mandamus

### Amendment IV excessive force claim

To establish Fourth Amendment excessive force claim, a plaintiff must first prove that he was seized (Walker v. Davis 643 F.Supp.2d 921)

### Amendment VIII excessive force claim

An Eighth Amendment excessive force claim requires a prisoner to establish two elements, one subjective and one objective. The corrections officer must have both acted with a sufficiently culpable state of mind, and the conduct must have been objectively harmful enough to establish a constitutional violation (Sconiers v. Lockhart 946 F.3d 1256)

Five Factors bear on the excessive force analysis in a typical Eighth Amendment claim: 1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably

perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. (Bearchild v. Cobban 947 F.3d 1130)

## Amendment XIV excessive force claim

A pretrial detainee claiming a substantive due process violation based on excessive force must show only that the officers' use of that force was objectively unreasonable and not that the officers were subjectively aware that their use of force was unreasonable (Kedra v. Shroeter 876 F.3d 424)

The elements of a Fourteenth Amendment claim for failure to protect and excessive force by a pretrial detainee are: "(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantive risk of serious harm; (3) The defendant did not take reasonable officer in the circumstances would have appreciated the high degree of risk involved making the consequences of the defendants conduct obvious; and (4) By not taking such measures the defendant caused the plaintiff injuries." (Jack

v. Pearson 2018 WL 439046) With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." Id. (quoting Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015)). The third element is "more than negligence but less than subjective intent-something akin to reckless disregard."

Jason Ashfield
53 Hazle st
Delano Pa 18220

RECEIVED
SCRANTON

AUG 27 2021

PER _____
DEPUTY CLERK

Office of the Clerk
United States Dist Court
Middle Dist of Pennsylvania
PO Box 1148
235 N. Washington Ave
Scranton Pa ~~18504~~-18501-1148