Jason Ashfield
V.
Correctional Officers Kayes, et al

FILED
SCRANTON
AUG 27 2021
Per_____
DEPUTY CLERK

1:21-CV-1488

## Memorandum

Pro Se Plaintiff seeks injunction pursuant to 42 USC §1983, ~~§1985~~, §1986, ~~§1987~~, 18 USCA §113(a)(4)(6), (b)(2) (see 18 USCA §1365(h)(3)(B),(4)(A)(B)(E)), Life and Liberty which is a deliberate indifference to the rights of others. On or about September 5, 2020, Plaintiff was assaulted by numerous gaurds at the Schuylkill Prison (see camera footage on E block prior to lunch 11am) Plaintiff claims he was shoved from behind, then his legs kicked out from under him and when he stood up he was gang tackled by a mass of gaurds. While on the ground, Correctional officers kicked the plaintiff in the face and was also struck with an elbow in the face breaking his nose. Procedure to restrain, with applying force to a detainees back ended with the plaintiffs shoulder becoming seperated. After three days of incarceration, plaintiff seeked medical attention at Lehigh Valley Hospital in Hazleton, Pa. Plaintiff seeks assistance of counsel pursuant to 42 USC §1988(b)(c).

18 USCA §113

(citing U.S. v. Guilbert, CA.11 (Fla) 1982, 692 F.2d 1340) offense of assault by striking, beating, or wounding is the equivalent of simple battery; it requires neither a particular degree of severity in the injury nor that type of specific intent which characterizes the more serious offenses under this section.)(quoting U.S. v. Johnson, C.A.9 (Idaho) 1980, 637 F.2d

1224)(quoting U.S. v. Pace 544 F.2d 1050)(quoting Locke v. Vance 307 F.Supp. 439)

## Excessive Force

(citing Rokusek v. Jansen 899 F.3d 544 To establish a Constitutional violation under the Fourth Amendments right to be free from excessive force, the test is whether the amount of force used was objectively reasonable under the particular circumstances)(quoting Hollingsworth v. City of St Ann 800 F.3d 985)(quoting Graham v. Connor 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443)

## Deliberate Indifference

(citing Neely v. Department of Corrections 838 A.2d 16 "Deliberate indifference" to a prisoner's welfare exists under Eighth Amendment jurisprudence, if an official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference)(quoting Lindsay v. Dunleavy 177 F.Supp.2d 328)(quoting Kedra v. Shroeter 876 F.3d 424)(quoting Wongus v. Correctional Emergency Response Team 389 F.Supp.3d 294)

Criminal Indifference

(citing Smith v. Wade 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed. 2d 632 Jury may be permitted to assess punitive damages in an action under §1983 when a defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to federally-protected rights of other and such threshold applies even when the underlying standard of liability for compensatory damages is one of recklessness.)(quoting Wade v. Haynes 663 F.2d 778 westheadnote 2)(quoting Vandevender v. Sass 970 F.3d 972 in the abstract of the inmate)(citing Lombardo v. Saint Louis City 361 F.Supp. 3d 882 Even if police officers, who attempted to restrain pretrial detainee in holding, applied force to detainee's back while he was in prone position, such force did not violate detainee's clearly established right to be free from excessive force, and thus officers were entitled to qualified immunity on §1983 claims brought by detainees parents; Eighth Circuit had found that use of prone restraint to control a non-compliant (emphasis added), resisting subject to be reasonable, multiple district courts within Eighth Circuit had found that an officer's restraint of a handcuffed or shackled individual in the prone position was reasonable, and other Circuit Courts of appeal had found the use of asphyxiating prone restraint to control a resistant, non-compliant subject to be reasonable, even when force was applied to the

back.

## Corporal Punishment

60 Am. Jur. 2d Penal and Correctional IV, B., 3., a. §136 states the use of corporal punishment by State prison authorities on inmates may violate the Eighth Amendment ban on cruel or unusual punishment(1) (quoting Inmates of Attica Correctional Facility v. Rockefeller, 453 F.2d 12, 15 Fed. R. Evid. Serv. ▉▉ 2d 787 (2nd Cir. 1971), Hoptowit v. Ray, 682 F.2d 1237 9 Fed. R. Evid. Serv. 1511 (9th Cir. 1982)). The courts may restrain prison gaurds from using excessive force, order prison officials to prevent gaurds from engaging in such activities (2) (quoting Hoptowit v. Ray, 682 F.2d 1237, 9 Fed. R. Evid. Serv. 1511 (9th Cir. 1982)) and enjoin prison officers and personnel from inflicting corporal punishment as a disciplinary measure (quoting Jackson v. Bishop, 404 F.2d 571 (8th Cir. 1968)). In the abstract of 38 C.F.R §51.90 (a),(b)(1)(2) (citing Gottlieb ex rel. Calabria v. Laurel Highlands School Dist. 272 F.3d 168 "Corporal punishment" in schools typically refers to the application of physical force by a teacher or administor to punish a student for some type of school-related misconduct) (quoting S.S. v. Princeton House Charter School,

Inc 909 F.Supp 2d 1348)(quoting T.W. ex rel. Wilson v. School Bd. of Seminole County, Fla. 610 F.3d 588)

## 42 U.S.C § 1983

(Citing Andre v. Castor, M.D. Fla. 1997, 1997, 963 F.Supp 1158) Standard for causation in § 1983 action against persons acting under color of state law is legal, or proximate, causation; accordingly, inquiry into causation must focus on duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have resulted in constitutional deprivation.)(quoting Berrios v. Inter Am. University, C.A.1 (Puerto Rico) 1976, 535 F.2d 1330, 37 A.L.R. Fed. 596)(citing Wolff v. McDonnell, U.S. Neb. 1974, 94 S.Ct. 2963, 418 U.S. 539, 41 L.Ed.2d 935, 71 O.O. 2d 336 Though rights of prisoner may be diminished by the needs and exigencies of the institutional environment, he is not wholly without the protections of the Constitution and the due process clause.)(quoting Madyun v. Thompson, C.A. 7(Ill.) 1981, 657 F.2d 868)(citing Wyatt v. Cole, U.S. Miss. 1992, 112 S.Ct. 1827, 504 U.S. 158, 118 L.Ed. 2d 504 Qualified immunity strikes balance between compensating those who had been injured by official conduct and protecting government's ability to perform its traditional functions; in short, qualified immunity acts as to safegaurd government, and thereby protect (emphasis added) public at large, not to benefit its agents'

(citing Gordon v. County of Orange ---F.4th--- In evaluating a claimed defense of qualified immunity a court considers whether (1) the state actor's conduct violated a constitutional right and (2) the right was clearly established at the time of the alleged misconduct)(quoting Shooter v. Arizona 4 F.4th 955)(quoting Intervarsity Christian Fellowship /USA v. University of Iowa ---F.4th---)(quoting Spenser v. Benison ---F.4th---)(quoting Graham v. Barnette ---F.4th---)(quoting McReynolds v. Shmidli 4 F.4th 648)

_____
Signature

Jason M Ashfield
Print Name

53 Hazle st   P.O Box
Delano Pa 18220    112
Address

_____
Phone Number